UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CR-505-D-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **DEFENDANT'S REQUEST** |
| | ) | **FOR DISCOVERY** |
| DARIUS TYRELL HINTON, | ) | |
| | ) | |
| Defendant. | ) | |

NOW COMES the Defendant, Darius Tyrell Hinton, by and through undersigned appointed counsel, and hereby respectfully requests, pursuant to Fed. R. Crim. P. 16, and the principles of *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, that counsel for the Government make inquiry forthwith and disclose the following information that is either within the possession, custody, or control of the Government, or the existence of which is known through the exercise of due diligence could become known to the Government. This request is made in order to preserve, on the record, the Defendant's request for discovery. THIS REQUEST DOES NOT REQUIRE ACTION BY THE COURT. For that reason, the requirements of Local Rule 12.2 are not applicable.

1.   Reveal and disclose every transaction or recordation of any type of all statement(s) made by the Defendant, or by any person whom the Government contends is an agent of the Defendant. The Defendant further requests that the Government reveal and disclose the substance

1

of any oral statement made by the Defendant in response to questioning by any person then known by the Defendant to be a Government agent, regardless of whether the statement was made before or after arrest. With regard to the foregoing requests, the Defendant specifically contends the Fed. R. Crim. P. 16(a)(1)(A) encompasses statements of the Defendant that are made directly to an agent of the Government, or to a third party who then makes a statement to an agent of the Government in which the Defendant's remarks are attributed and included within the third party's statement. The Defendant further contends that any statement of an alleged co-conspirator or co-defendant concerning any activity connected with the crime(s) alleged in the above-styled indictment should be disclosed under Rule 16(a)(1)(A).

2. Reveal and disclose the nature, results and reports of any scientific tests, physical or mental examinations or tests, measures or experiments made in connection with this case, whether completed or not, including, but not limited to, analysis of tape recordings or wiretaps, handwriting analysis, fingerprint comparisons, and/or voice identifications. The Defendant also requests that the Defendant or the Defendant's representative(s) be permitted to personally examine, inspect and photograph all pieces of physical evidence that were obtained during the Government's investigation of this case and that have been scientifically examined on behalf of the Government. The Defendant further specifically reserves the right to move this Court

to have a competent expert of the Defendant's own choosing to perform scientific testing on any of the physical evidence scientifically examined by the Government if the Defendant deems it desirable or necessary, under appropriate and reasonable safeguards imposed by the Court.

3.    Permit the Defendant's attorney to inspect and copy or photograph all books, papers, documents, photographs, videotapes, motion pictures, mechanical or electronic recordings, buildings and places, crime scene(s), or tangible objects and all copies and portions thereof which are within the possession, custody, or control of the Government and which are material to the preparation of the Defendant's defense, or might possibly be used by the Government as evidence during the presentation of its case-in-chief or its rebuttal case, or which were obtained from or belong to the Defendant.

4.    Reveal and disclose a complete and exact copy of the Defendant's entire criminal record, both as an adult and juvenile.

5.    Reveal and disclose whether there has been any electronic surveillance, eavesdropping, interception of communications, wiretapping, listening, or any similar investigative techniques used in the investigation of this case.  If such techniques have been used, the Defendant requests that the Government afford the Defendant's attorney with a true, complete and correct copy of any such recording or interceptions, together with any accurate transcript thereof, and with any log reflecting the date that the recordings or interceptions

3

were made, the names of Government agents who participated in the recordings or interceptions were made, the names of Government agents who participated in the recordings or interceptions and the identity of all speakers on the recordings or interceptions.

6.   Reveal and disclose whether any conversation entered into by the Defendant has been electronically recorded. If so, the Defendant specifically requests the following:

a. An exact and complete copy of such tape or recording;

b. The authority for making such interception or recording; and

c. The date that the recording was made and the identity of all speakers therein.

7.   Reveal and disclose the date, place, circumstances, and the names of all individuals involved in any identification procedures (photographic, corporeal, or any other type(s)), interrogations, searches or seizures of any type that were conducted in connection with the investigation of this case.

8.   Reveal and disclose any evidence that the Government had within its possession, custody or control, or the existence of which is known, or can become known through the exercise of due diligence, to the Government, concerning any identification procedure, interrogations search or seizure conducted by the Government, its agents or employees that tends, however, slightly, to taint or make illegal the identification procedure, interrogation, search or seizure.

9. Reveal and disclose the names, addresses, telephone numbers, backgrounds, and criminal records of all witnesses to be presented on the witness stand during the trial of this case by the Government.

10. Reveal and disclose the names, addresses, telephone numbers, backgrounds, and criminal records of all persons who have any knowledge whatsoever regarding this case and/or were interviewed by any Governmental employee or agent in connection with this case.

11. Reveal and disclose whether any person has been videotaped in connection with the investigation of this case.

12. Reveal and disclose the names, addresses, backgrounds, and entire criminal record of any informants, special employees, alleged co-conspirators (whether indicted or unindicted), alleged accomplices, (whether indicted or unindicted), alleged aider and abettors (whether indicated or unindicted) and special investigators used in the investigation of this case or who may be called as witnesses by the Government during any phase of the trial of this case, and reveal and disclose the same information regarding any persons hired, directed, requested and/or paid by the Government to investigate, snoop, or otherwise obtain information in any manner whatsoever in the investigation of this case.

13. Produce a copy of any Federal Bureau of Investigation or other investigative agency departmental rules and regulations pursuant to which any informant, special employees, alleged co-conspirator (whether indicted or unindicted), alleged accomplice (whether indicted

5

or unindicted), alleged aider or abettor (whether indicted or unindicted) or snoop was hired, employed or requested to participate in the investigation of this case.

14. Disclose the total amount of money paid out to any informant, special employee, alleged co-conspirator (whether indicted or unindicted), alleged accomplice (whether indicted or unindicted), alleged aider or abettor (whether indicted or unindicted), tipster, or snoop who was interviewed in connection with this case or who may be called as a witness by the Government during any phase of the trial of this case, together with the dates of payment, where made, to whom made and the reasons for payment of such sums. This request specifically embraces any payment made under any so-called witness protection program. The Defendant further requests the disclosure of all receipts, vouchers, or other books and records concerning money expended for, or on behalf of the above class of persons.

15. Reveal and disclose all transcriptions of any kind, whether recorded or written, regarding any conversations with, discussions with or statement made by informants, special employees, alleged co-conspirators, (whether indicted or unindicted), alleged accomplices (whether indicted or unindicted), alleged aider and abettors (whether indicted or unindicted), tipsters, or snoops of the Government who have been involved in any manner whatsoever in the investigation of this case or who may be called as a witness during any phase of the trial of this case.

16.    State the names and classifications of any and all Federal Bureau of Investigation Agents, United States Attorneys, or other Government employees who met with, talked to, or who were present at any meeting, telephone conversation or discussion held with any informants, special employees or snoops of the Government during the investigation of this case.

17.    Reveal and disclose all expert conclusions and analysis concerning any records, papers, documents, or physical evidence that may have been seized or obtained by the Government in connection with its investigation of this case.

18.    Reveal and disclose the names, addresses, and qualifications of any expert witness intended to be called by the Government either during its case-in-chief or its rebuttal.

19.    Produce immediately all statements, memoranda, and/or documents producible under 18 U.S.C.A. §3500 (1983).

20.    Produce a copy of all originals notes, statements, and memoranda (whether handwritten, recorded or otherwise) that were made by any and all agents of the Government, investigating this case, including any person who was acting as an informer, special employee, tipster, or snoop in an undercover capacity.

21.    State and reveal whether any notes, documents, or recordings relating to the investigation of this case that were made by any agent of the Government, including any person who was acting as an informer, special employee, alleged accomplice (whether indicted or unindicted),

7

alleged co-conspirator (whether indicted or unindicted), tipster, snoop, or in any undercover capacity, have been totally or partially destroyed or altered, and if so, reveal the following with reference thereto:

      a. The substance of the note, document or recording that was destroyed;

      b. The substance of the alteration;

      c. The name, address and telephone number of all persons involved in the destruction or alteration;

      d. The reason of the destruction or alteration;

      e. Whether the note, document or recording was destroyed or altered pursuant to an existing policy, federal regulation or for some other reason;

      f. When the destruction or alteration occurred; and

      g. Whether it is the policy and custom of such agent(s) to destroy or alter such notes and memoranda, and, if so, who initiated such a policy.

22. Reveal and disclose whether any person in connection with the Government's investigation of this case has been given a polygraph examination, and, if so, list the name of the person(s) examined; the name and address of the operator; the date of the examination; and furnish the Defendant with a copy of the questions and answers posed and the results and interpretation thereof.

23. Reveal and disclose any information or knowledge in the

hands of the Government that would in any manner show that any of the Government's potential witnesses may be suffering from delusion, emotional difficulty, alcoholism, narcotics addition, the abuse of use of controlled substances of any type, psychological or psychiatric imbalance of any other physical or mental disability that might possibly affect, impair or influence the quality of competency of his or her testimony or that in anyway could reasonably affect his or her credibility or memory.

24. Reveal or disclose whether any person who was interviewed in connection with this case has undergone hypnosis, age regression or a similar procedure, and, if so, list the name of such person; the date that he or she underwent the procedure; the name and address of the hypnotist or psychologist administering the procedure; and the results thereof.

25. State whether any Government agent or any one acting at the direction or behest of the Government (be he designated as informant, special employee, snoop, prison inmate or otherwise) has communicated with the Defendant in order to attempt to obtain any information or facts from the Defendant pertaining to this case or his defense thereof, and, if so, give the name, address and telephone number of such agent, informant, special employee, snoop or prison inmate, together with all of the facts and circumstances pertaining thereto.

26. State whether the Government has paid money or the like for any piece of tangible or physical evidence that may be used in

9

connection with this case, and, if so, state the name, address and telephone number of the person to whom payment was made; the amount thereof; the date thereof; and the tangible or physical evidence obtained.

27. As to all persons who will testify for the Government during its case-in-chief or its rebuttal case, or whose testimony has been used before the grand jury to obtain the present indictment, or whose sworn testimony or statements may be used in this trial, or who has been contacted with regard to the investigation of this case, the following specific and detailed information is requested:

a. The existence, substance and manner of execution or fulfillment of any promises, agreements, understandings and arrangements, either verbal or written, between the Government and any such person or his or her attorney(s), agent(s), or representative(s) wherein the Government has agreed, either expressly or impliedly, as follows:

(i) not to prosecute the person for any crime or crimes;

(ii) not to prosecute a third party for any crime or crimes;

(iii) to provide a formal grant of statutory immunity, or to provide an informal assurance that the person will not be prosecuted in connection with any testimony given by him or her;

(iv) to recommend leniency in sentencing for any crime;

(v) to recommend a particular sentence for any crime or

crimes for which the person is convicted;

(vi) to provide favorable treatment or consideration, that is, money or the like, to the person or to friends or relatives of the person in return for the person's cooperation and testimony;

(vii) to compromise or diminish, or to recommend the compromise or diminution of any federal, state or local taxes which the person or friends or relatives of the person owe or claim to owe; and

(viii) to make any other recommendations of any benefit, however slight, or to give any other consideration to the person or friends or relatives of the person.

28. Reveal and disclose whether the Government has made any attempt or has in fact gained any information from Defendant since the return of the above-styled indictment by sending, counseling, or advising persons (whatever their classification may be) to talk with the Defendant or his counsel, and if so, describe all of such activity in detail and the authorization, if any, for such a procedure.

29. Permit the Defendant to copy any document or statement that might be arguably admissible under Fed. R. Evid. 801(d)(1)(B) to rebut any expressed or implied charge against any Government witness of recent fabrication or improper influence or motive. The documents or statements are required to be produced because they are evidence that the Government may attempt to introduce in this case because they are material to the preparation of the defense as to the method of defense

and as to the Defendant's approach to the issue of credibility. This request includes any documents that might reasonably be foreseen for use during the Government's case-in-chief or its rebuttal case.

30. Pursuant to Fed. R. Crim. P. 26.2, the Defendant requests the production of the recorded testimony of any witness any appeared before the grand jury and who is likely to be a witness at trial. If the testimony of any such person was not recorded, then the Defendant requests the production of any notes or summaries of the testimony of the witness.

31. Reveal and disclose any statements of any type whatsoever made by any individuals who were contacted in connection with or involved in the investigation of this case that might be inconsistent, in whole or in part, with any other statement made by the same individual; and any statements made by other individuals that are inconsistent, in whole or in part, with any statements made by other individuals who have given statements relevant to the charge(s) against the Defendant or with any knowledge held by such individuals.

32. Reveal and disclose:

    a. The names, addresses, and telephone numbers of all witnesses appearing before the grand jury in connection with the return of the indictment;

    b. The names, addresses, and telephone numbers of all persona whose testimony was given to the grand jury by or through someone else in connection with the return of said

12

indictment;

c. Copies of all documents and exhibits presented to the grand jury;

d. Transcripts of the testimony of all witnesses appearing before the grand jury, and, if no transcript or minutes exist, they reveal and disclose any notes or summaries regarding the testimony;

e. Summaries and copies of all statements of witnesses potentially relevant to the charge(s) in issue in this case that were not present or conveyed to the grand jury;

f. Copies of all documents, notes, transcripts or memoranda that are in the possession, custody or control of the Government and are potentially relevant to the charges in the indictment and which the Government did not present to the grand jury at the time that this case presented for grand jury consideration;

g. A list of the names and titles of all Government employees or other persons, other than the grand juror, who were present in the grand jury room during the taking of any testimony (other than his or her own) or who were present during any other portion, including deliberations, of the grand jury proceedings;

h. A list of names and titles of each Government employee or agent, who prior to the return of the indictment therein,

examined out of the grand jury's presence any witness, document or other item obtained by means of any grand jury subpoena.

i. A copy of any letter or other document authorizing the examination of the grand jury materials by any of the government employees or agents mentioned above;

j. A list of all grand jury subpoenas for documents and/or testimony in this case;

k. The existence of any orders issued pursuant to Fed. R. Crim. P. 6(e) relating to grand juries that met concerning this matter;

l. The names of any person offering immunity, whether legally valid or not, of any type whatsoever, to any person requested to appear before the grand jury or to talk with any Government agent or representative involved in this investigation of this case;

m. The transcript of any and all statements made to the grand jury by a United States Attorney, Assistant United States Attorney, or any prosecutorial official associated with the prosecution of this case or the presentation of evidence to the grand jury in this case. This request concerns, but is not limited to, any instructions regarding the law relevant to this case or pertaining to legal advise that were given by the aforementioned class of persons; and

14

n. All records and logs reflecting when any grand jury involved in the investigation of this case or in the handing down of the bill of indictment in this case met, and all records and logs reflecting the composition of each such grand jury (or grand juries).

33. Reveal and disclose all consideration or promises of consideration given to or on behalf of any witness by the government, or expected or hoped for by the witness, "Consideration" refers to absolutely anything of value or use, including, but not limited to, criminal, civil, or tax immunity grants; relief from forfeiture; assistance or favorable treatment or recommendation with respect to any criminal, parole, probation, civil, administrative or other legal dispute with the Government or any other parties, payment of money or fees, witness fees and special witness fees; provisions of food, clothing, shelter, transportation or other like benefits to the witness, his or her family or other associate; placement in a "witness protection program" or anything else that could arguably reveal an interest or bias of the witness in favor of the Government or against the defense or act as an inducement to testify or to color testimony.

34. Reveal and disclose all threats and coercive tactics of any type directed at any person interviewed by the Government in connection with this or any witness or potential witness for the Government in this case.

35. Reveal and disclose all threats, express or implied, made

15

against any person interviewed by the Government in connection with this case or any potential witness for the Government in this case of criminal prosecutions or investigations relating to any probationary or deferred prosecutions or investigations relating to any probationary or deferred prosecution status or any civil, administrative or other pending or potential legal disputes or transactions with the Government.

36. Reveal and disclose the existence and identification of each occasion on which each potential witness for the Government has testified before any court, grand jury or other tribunal or body with regard to the Defendant or the investigation of this case.

37. Reveal and disclose the existence and identification of each occasion in which a witness or potential witness for the Government, especially a witness who is an accomplice, co-conspirator or expert, has testified before any court, grand jury, other tribunal, stenographer or court reporter.

38. Reveal and disclose any and all personnel files for any witness who may potentially be called by the Government in this case and the existence and identity of all Government files for the witness.

39. Reveal and disclose any and all records, criminal other otherwise, or information that can arguably be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of any potential Government witness or of the Government's

evidence, or that can arguably lead to any records or information that might be used to impeach.

40. State whether any information, irrespective of how remote or inconsequential it may seem to be, had been obtained by the Government from the Defendant, the Defendant's attorney or such attorney's agent that might arguably or potentially be in violation of the attorney/client privilege. If the answer to this inquiry is in the affirmative, state in detail how this information was obtained and the names, addresses, and telephone numbers of all Government representatives involved in obtaining this information.

41. State whether the Government or any of its agents or attorneys has attempted to obtain information from any potential witness arguably in violation of the attorney/client privilege in connection with the investigation of this case. If the answer to this inquiry is in the affirmative, state in detail, when, where and how such attempt took place, and the names, addresses and telephone numbers of all individuals involved in the attempt.

42. Reveal and disclose all evidence of transactions or conduct of the Defendant and his or her agents or co-Defendant and his or her agents or any alleged co-conspirator and his or her agents that is not the subject matter of the indictment in the instant case, but which the Government might offer as evidence on the question of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

17

43. Reveal and disclose all recorded, written or oral statements made by any alleged co-conspirators or co-Defendants of the Defendant in this case, whether incriminating or otherwise.

44. Reveal and disclose any evidence or information obtained in connection with the investigation of this case that established the Defendant's good character or his lack of reputation for committing the act(s) that constitute the crime(s) in question in this case.

45. Reveal and disclose any evidence or information tending, however slightly, to link the commission of the crime(s) in question in this case to someone other than the Defendant.

46. Reveal and disclose any and all evidence seized or secured from the Defendant or from any other individual or from any location or premises at any time that the Government may possibly attempt to introduce into evidence during any phase of the trial of this case. This request includes, but is not limited to, all evidence seized or secured from the Defendant's person or from any other individual's person or from any location or premises during any other type of search, whether conducted pursuant to a warrant or otherwise. This request also applies to any seizure, regardless of how temporary or permanent it may have been.

47. Reveal and disclose any and all evidence of any type which the Government is aware of, or which the Government could become aware of by the exercise of reasonable diligence that indicates that any of the individuals whom it was interviewed, debriefed or contacted in

connection with the investigation of this case or who may be called as witnesses by the Government during any phase of the trial of this case has been involved, however, remotely, in any criminal conduct, at any time up to the present date, whether or not this conduct resulted in criminal charges being brought against the individual. This request applies, but is not limited to, any and all informers, special employees, alleged accomplices, (whether indicated or unindicted) alleged conspirators (whether indicated or unindicted) tipsters, snoops, or individuals acting in any undercover capacity who may testify in this case or who possess information that is relevant or related to this case, as well as to all other individuals of any type who were involved in any manner, regardless of how remote this may be, in the investigation of this case.

48. Reveal and disclose and allow the inspection and photocopying of any and all toll records of any type whatsoever that allegedly reflect conversations that the Defendant had with any person whatsoever, including, but not limited to, all persons who have acted in any capacity as an informant, special employee, alleged co-conspirator (whether indicted or unindicted), alleged accomplice (whether indicted or unindicted), alleged aider and abettor (whether indicated or unindicted), tipster, snoop, or investigator in this case or who may be called by the Government as a witness during any phase of the trial in this case.

49. Reveal, disclose and allow the inspection and photocopying

19

of any and all search warrants and underlying affidavits that concern or were directed at any individual who has acted in any capacity as an informant, special employee, alleged co-conspirator (whether indicated or unindicted), alleged accomplice (whether indicted or unindicted), alleged aider or abettor (whether indicted or unindicted), tipster, snoop or investigator in this case, or who may be called as a witness by the Government during any phase of the trial of this case. This request applies to all search warrants, whether executed or unexecuted, that have existed at any time.

50. Reveal, disclose, and allow the inspection and re-recording or photocopying of any and all mechanical or electronic recordings or transcriptions thereof that involved any individual who has acted in any capacity as an informant, special employee, alleged co-conspirator (whether indicted or unindicted), alleged accomplice (whether indicted or unindicted), alleged aider or abettor (whether indicted or unindicted), tipster, snoop, or investigator in this case or who may be called as a witness by the Government during any phase of the trial of this case. This request is not limited to mechanical or electronic recording or transcripts thereof that involve the Defendant; Defendant seeks the disclosure of all recordings or transcripts of any type that involve the aforementioned class of persons.

51. Reveal and disclose any and all exculpatory evidence of any type that concerns or relates to any individual who has acted in any capacity as an informant, special employee, alleged co-conspirator

20

(whether indicted or unindicted), alleged accomplice (whether indicted or unindicted), alleged aider or abettor (whether indicted or unindicted), tipster, snoop, or investigator in this case or who may be called as a witness by the Government during any phase of the trial of this case. This request specifically includes, but is not limited to, any charges, which were the subject of any plea bargains, or any prosecutorial proceedings of any nature involving the aforementioned class of person.

52. List the date, place, names, and addresses of all persons present when any informant, special employee, alleged co-conspirator (whether indicted or unindicted), alleged accomplice (whether indicted or unindicted), alleged aider or abettor (whether indicted or unindicted), tipster, snoop, or individual acting in an undercover capacity who has been involved in any capacity in the investigation or preparation of this case or who may be called as a witness by the Government during any phase of the trial of this case has given sworn testimony (whether during a trial or during a pre-trial proceeding) or has given a sworn statement of any type. These sworn statements include, but are not limited to, affidavits, tax returns, firearms, records, and loan applications.

53. In addition to all the items specifically mentioned and listed herein, the Defendant requests that the Government furnish to the Defendant's attorney(s) any and all evidence of whatever type and kind that is within its possession, custody, or control or the

existence of which is known or through the exercise of due diligence could become known to it, that may be materially favorable to the Defendant either directly, indirectly or in an impeaching manner, within the purview of *Brady*, *Giglio* and their progeny.

This Motion for Discovery and for the Disclosure of Exculpatory Evidence is continuing in nature.

Respectfully submitted, this 22nd day of March, 2021.

DYSART WILLIS HOUCHIN & HUBBARD

By: /s/ Geoffrey Ryan Willis
GEOFFREY RYAN WILLIS
N.C. State Bar No. 33004
ryan@dysartwillis.com
530 Hillsborough St., Suite 200
Raleigh, NC 27603
Telephone: (919) 747-8380
Facsimile: (919) 882-1222
*APPOINTED ATTORNEY FOR*
*DEFENDANT*

/s/ Christian E. Dysart
CHRISTIAN E. DYSART
N.C. State Bar No. 36734
christian@dysartwillis.com
530 Hillsborough St., Suite 200
Raleigh, NC 27603
Telephone: (919) 747-8380
Facsimile: (919) 882-1222
*APPOINTED ATTORNEY FOR*
*DEFENDANT*

/s/ Meredith E. Pace
MEREDITH E. PACE
N.C. State Bar No. 52324
meredithpace@dysartwillis.com
530 Hillsborough St., Suite 200
Raleigh, NC 27603
Telephone: (919) 747-8380
Facsimile: (919) 882-1222
*APPOINTED ATTORNEY FOR*
*DEFENDANT*

22

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT'S REQUEST FOR DISCOVERY** was filed with the Clerk of Court for the Eastern District of North Carolina on 22 March 2021 using the CM/ECF system, which will send notification of such filing to the following attorney of record:

> Susan B. Menzer
> Assistant United States Attorney
> United States Attorney's Office
> Eastern District of North Carolina
> 150 Fayetteville St., Suite 2100
> Raleigh, North Carolina 27601
> susan.menzer@usdoj.gov

This, the 22nd day of March, 2021.

DYSART WILLIS HOUCHIN & HUBBARD

By:  /s/ Geoffrey Ryan Willis
Geoffrey Ryan Willis
N.C. State Bar No. 33004
Email: ryan@dysartwillis.com
530 Hillsborough St., Suite 200
Raleigh, NC  27603
Telephone: (919) 747-8380
Facsimile: (919) 882-1222
*APPOINTED ATTORNEY FOR*
*DEFENDANT*